## Crawford-Adsit Co. v. Asa Bell et al,

1. APPELLATE COURT PRACTICE—*Matters to Which Counsel Desire to Call Attention, Must be Abstracted.*—The Appellate Court will not, in the first instance, look through the record to ascertain whether the errors assigned are well taken. The rules of this court require that matters to which counsel desire to call attention, must be abstracted.

Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1901. Dismissed. Opinion filed February 21, 1902. Rehearing denied March 14, 1902.

Illinois Steel Co. v. Mann.

JOSEPH A. McINERNEY, attorney for appellant; F. L. BROOKS, of counsel.

BULKLEY, GRAY & MORE, DAVID S. GEER, ALDEN, LATHAM & YOUNG, and ABBOTT, BUCHHOLZ & ABBOTT, attorneys for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

From the brief of counsel for appellant we learn that this is an appeal from an order granting an injunction, and that the alleged reasons for the appeal are that "Neither the bill of complaint nor any of the intervening petitions was verified. No affidavits were presented in support of the motion for a temporary injunction. The order granting the injunction recites that 'the court having heard the testimony of the defendants and other witnesses taken in open court, etc., and being fully advised in the premises, does order,' etc. But the order does not recite any facts found from such testimony."

This allegation is denied in the brief of appellees. Whether the objections thus made are well taken we do not know, as the abstract does not contain a word of the bill or of its substance, or even an indication of where, if at all, it can be found.

From the abstract it would appear that the appeal is from an order granting a change of venue.

We have often said that we will not, in the first instance, look through the record to ascertain whether the alleged errors are well taken. The rules of court require that matter to which counsel desire to call attention must be abstracted.

For want of a sufficient abstract the appeal is dismissed.